UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBECCA J. FERNIE,

            Petitioner,

   v.

HEDGEPORT ASSOCIATES, LLC,

            Respondent.

No. 1:18-mc-00038

**RESPONDENT HEDGEPORT'S OPPOSITION TO
REBECCA FERNIE'S § 1782 DISCOVERY PETITION**

## TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

BACKGROUND .....................................................................................................................1

    I.      HedgePort Associates .................................................................................................1

    II.     HedgePort's Relationship with the Company ............................................................3

    III.    Petitioner's Putative Claims and Requests for Discovery .........................................3

ARGUMENT ...........................................................................................................................5

    I.      The Court Should Deny the Petition Because HedgePort is Not Found in the Southern District of New York. ................................................................................5

    II.     The Court Should Deny the Petition Because the Discovery is Not For Use In a Foreign Proceeding. ...................................................................................................9

    III.    The Court Should Exercise Its Discretion to Deny the Petition. ............................12

    IV.    Should Discovery Be Granted, Fernie Should Be Ordered to Pay HedgePort's Fees and Costs Associated with These Proceedings and Complying with the Subpoena. ................................................................................................................14

CONCLUSION ......................................................................................................................16

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*In re 000 Promnefstroy*, No. M 19-99 (RJS),
   2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ................................................................14

*In re Application for an Order for Judicial Assistance in a Foreign Proceeding in
   the Labor Court of Brazil*, 466 F. Supp. 2d. 1020 (N.D. Ill. 2006) ...........................13

*In re Application of Strand Investments Ltd.*,
   2009 WL 2225536 (S.D. Fla. July 24, 2009) ...............................................................13

*In re Application of XPP Logistics, Inc.*,
   No. 15 Misc. 205, 2017 WL 6343689 (S.D.N.Y. Dec. 11, 2017) ..............................14

*Australia & New Zealand Banking Grp. Ltd. v. APR Energy Holding Ltd.*,
   No. 17-MC-00216 (VEC), 2017 WL 3841874 (S.D.N.Y. Sept. 1, 2017) ..............5, 6, 7, 8

*In re Blue Oil Trading Ltd.*,
   No. 09-mc-152, 2009 WL 3247854 (W.D.N.C. Oct. 5, 2009) ..................................14

*Bravo Express Corp. v. Total Petrochemicals*,
   613 F. App'x 319 (5th Cir. 2015) .................................................................................11

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016) ......................................................................................6, 7

*Certain Funds, Accounts and/or Inv. Vehicles Managed by Affiliates of Fortress
   Funds inv. Grp. L.L.C. v. KPMG*, 798 F.3d 113, 124 (2d Cir. 2015) ...................9, 10

*In re Certain Funds, Accounts and/or Inv. Vehicles Managed by Affiliates of For-
   tress Inv. Grp. LLC*, No. 14-cv-1801 (NRB), 2014 WL 3404955, at *7
   (S.D.N.Y. July 9, 2014) ................................................................................................10

*In re Coalition to Protect Clifton Bays, et al.*,
   No. 14-mc-258 (DLC), 2014 WL 5454823 (S.D.N.Y. Oct. 28, 2014) ....................13

*Daimler AG v. Bauman*,
   134 S. Ct. 746 (2014) ................................................................................................6, 7

*In re Godfrey*,
   526 F. Supp. 2d 417 (S.D.N.Y. 2007) .........................................................................8

*Gucci Am., Inc. v. Weixing Li*,
   768 F. 3d 122 (2d Cir. 2014) .........................................................................................6

*Harbour Victoria*, No. 15-mc-127 (AJN), 2015 WL 4040420 (S.D.N.Y. June 29,
   2015) ..............................................................................................................................14

*Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004) ............................9, 12, 13

*Jiangsu Steamship Co., Ltd. v. Success Superior Ltd.*,
   No. 14-cv-9997(CM), 2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015).........................................10

*In re Kreke Immobiien KG*,
   No. 13-mc-110 (NRB), 2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013)......................................14

*In re Law Firms of McCourts & McGrigor Donald*,
   No. M-19-96 (JSM), 2001 WL 345233 (S.D.N.Y. Apr. 9, 2001) ...........................................15

*Leibovitch v. Islamic Republic of Iran*,
   852 F.3d 687 (7th Cir. 2017) ...............................................................................................6, 8

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
   673 F.3d 50 (2d Cir. 2012)........................................................................................................7

*In re Matter of Fornaciari for Order to Take Discovery Pursuant to 28 U.S.C.
   §1782*, No. 17MC521, 2018 WL 679884 (S.D.N.Y. Jan. 29, 2018) .....................................5, 8

*Mees v. Buiter*,
   793 F.3d 291 (2d Cir. 2015)....................................................................................................11

*In re Namenda Direct Purchaser Antitrust Litig.*,
   No. 15-CIV-7488, 2017 WL 3822883 (S.D.N.Y. Aug. 30, 2017) ...........................................15

*Prescient Acquisition Grp., Inc. v. MJ Publ'g Tr.*,
   No. 05-CIV-6298 (PKC), 2006 WL 2996645 (S.D.N.Y. Oct. 13, 2006) ................................15

*Sae Han Sheet Co. v. Eastman Chem. Corp.*,
   No. 17 CIV. 2734 (ER), 2017 WL 4769394 (S.D.N.Y. Oct. 19, 2017) .....................................6

*In re Sargeant*,
   --- F.Supp.3d ----, 2017 WL 4512366 (S.D.N.Y. 2017) ....................................................5, 6, 7

*US Bank Nat. Ass'n v. PHL Variable Ins. Co.*,
   No. 12-CIV-6811, 2012 WL 5395249 (S.D.N.Y. Nov. 5, 2012) ............................................15

**Statutes**

28 U.S.C. § 1782............................................................................................................... *passim*

## INTRODUCTION

Respondent HedgePort Associates LLC ("HedgePort") is a Delaware limited liability corporation headquartered in Los Angeles, California. Hedgeport provided a variety of C-suite services to an investment firm registered in the Bahamas, and now is faced with potential discovery in New York related to that client relationship. The Petitioner, Rebecca Fernie, was previously affiliated with the Bahamian investment firm and claims she intends to sue the firm in the Bahamas, though to date, she has not done so. Instead, she has sought discovery in the United States pursuant to 28 U.S.C. § 1782 from various nonparties to her underlying dispute. HedgePort is her third target.

While it is unclear precisely what Petitioner is fishing for through her broad, unbounded requests, what is clear is that she should not succeed in getting it from HedgePort. Because HedgePort is a Delaware company headquartered in Los Angeles, it is not "found" in New York and therefore cannot be the target of a Section 1782 action in this district. Moreover, Petitioner's now-stale claim in November of last year that she expected to commence her Bahamian litigation by the end of 2017 has been proven false, and so it is now evident that she has no concrete plans to commence a proceeding at all. Because § 1782 only allows discovery for use in a foreign proceeding, the Second Circuit does not allow discovery under the statute when the possibility of litigation abroad is speculative, and the filing of any claims is a "mere twinkle in counsel's eye." That is the case here, so the discovery application should be rejected. For these and the additional reasons set forth below, the Petition should be denied.

## BACKGROUND

I. **Respondent HedgePort Associates LLC**

This action for discovery under 28 U.S.C. s 1782 seeks documents and testimony in connection with putative, unlitigated claims that Petitioner Rebecca Fernie purports to have against

the directors of the Company, her former employer in the Bahamas.[1]  The party from whom the discovery is sought, Respondent HedgePort Associates LLC, is a California-based corporate service provider that offers certain accounting, regulatory and operational support services for the Company.  Declaration of Andrew Springer ("Springer Decl."), Ex. B.  Respondent is not alleged to have committed or participated in any wrongdoing or to be liable in any way on Petitioner's putative claims.  No action is pending in the Bahamas or in any jurisdiction related to those putative claims.

HedgePort is a Delaware limited-liability company headquartered at 12100 Wilshire Boulevard in Los Angeles, California. Springer Decl. ¶ 2.  Its CEO and founder, Andrew Springer, is a Los Angeles native and veteran investment professional with 15+ years of experience in the financial industry, all of it in Southern California.  Springer Decl., Ex. A.  After earning his degree from the University of California in San Diego and working for a Los Angeles investment fund, Mr. Springer founded HedgePort's predecessor entity, Resolve Inc., in Los Angeles in 2005.  *Id.*  Resolve provided fund administration, investor relations, marketing, operations, accounting, and compliance solutions to asset management firms.  Mr. Springer launched HedgePort in 2009 to expand Resolve's service platform to add investment advisory services.  *Id.*

HedgePort offers a suite of support services to hedge funds and other asset management firms throughout their life cycle.  Its services begin with start-up support for early-stage operations, including budgeting, planning, legal and regulatory coordination, and implementing operational models and technology solutions.  Springer Decl., Ex. B. It supports growing and mature fund managers through C-suite outsourcing, providing a menu of options that permit funds to focus on maximizing returns for their investors while relying on HedgePort to fill the roles of any or all of

---

[1] Capitalized terms not defined in this opposition have the meaning ascribed to them in the Petition.

Chief Financial, Operating, Compliance, Marketing and Technology Officers. *Id.* HedgePort also provides wind-down and transition services. *Id.* In addition to its Los Angeles headquarters, HedgePort maintains an office in New York City.

## II. HedgePort's Relationship with the Company

The Company, a Bahamas-based investment fund manager founded in 2015, contracted with HedgePort to provide CFO services in March 2017. Petition ¶ 22. As shown in the confidential service agreement that Petitioner appended to her Petition, HedgePort and the Company agreed that their relationship would be governed by California law, that notices required under the Agreement would be delivered to Mr. Springer at HedgePort's Los Angeles headquarters, and that any dispute arising under the Agreement would be litigated exclusively in the state or federal courts of California. *See* Declaration of Garth Philippe, Esq. dated Jan. 30, 2018, Ex. A ("Services Agreement").[2]

## III. Petitioner's Putative Claims and Requests for Discovery

Petitioner states that she has a tort claim to assert in a yet-to-be-filed action in the Bahamas against the Company's three individual directors. Petitioner also states that she seeks to wind up the Company, although she does not specify that she intends to or would need to seek to do so through an action for judicial dissolution. *See* Petition ¶ 2. She further states that she intends to seek a declaration that the termination of her management role and the redemption of her shares in the Company was invalid as a matter of Bahamian law.

In supposed connection with these claims, Petitioner seeks documents in 15 categories from HedgePort. *See* Declaration of Lana Milojevic, Esq. dated Jan. 30, 2018 ("Milojevic Decl."),

---

[2] The agreement is a contract between, and the property of, HedgePort and the Company. As the agreement itself specifies, its terms are confidential. The document does not belong to Petitioner, and the document bears no Bates number or other indicia that it was properly produced in discovery. Petitioner does not state how she obtained the copy of the document that she appends to her Petition or explain how her possession of that document is proper.

3

Ex. A.  Petitioner does not claim that Hedgeport was involved in Petitioner's employment, termination, removal from the Company's board, or the redemption of her shares.  She claims that she seeks the discovery from HedgePort because it was a "corporate services provider to" the Company and in that capacity had "access to information concerning the Company's corporate structuring, status of audits, the upcoming Securities Commission examination, and most aspects concerning the day to day running of the Company."  Petition ¶ 23.

Petitioner does not suggest that any of the information in HedgePort's possession is a prerequisite to filing her contemplated claims, and does not explain how all or indeed any of it would be used in the prosecution of her claims.  The documents sought generally appear to be documents that would be in the possession of the Company, and Petitioner nowhere suggests that these documents would not be available to Petitioner from the Company through the ordinary processes of litigation disclosure in the Bahamas if she were to commence her contemplated action there.

Petitioner first outlined her putative claims in this Court in a declaration dated November 30, 2017, which she submitted in connection with a prior action for discovery under 28 U.S.C. § 1782.  *See* Decl. of Garth Phillipe, Esq. dated Nov. 30, 2017, captioned in the matter of *Fernie v. Morgan Stanley*, No. 17-mc-473 (S.D.N.Y.) (Petition, Ex. B.) ("2017 Phillipe Decl.").  In that prior application, Petitioner promised to file her claims in the Bahamas "soon" (*id.* at ¶ 4), and represented to this Court that she was "in the process of commencing a civil action in the Supreme Court of the Commonwealth of The Bahamas" and "expects to file her action before the end of 2017."  *See* Petition, Ex. A (Memorandum of Law dated Nov. 30, 2017, captioned in the matter of *Fernie v. Morgan Stanley*, No. 17-mc-473 (S.D.N.Y.)).

Petitioner filed this Petition on January 31, 2018, after the "end of 2017" had passed, without having filed the contemplated Bahamian litigation.  She offers no explanation for her decision

not to file, and in her Petition, no longer offers a date certain for her putative filing. As of today's date, February 22, 2018, to the best of HedgePort's knowledge Petitioner has not commenced an action in the Bahamas. HedgePort files this opposition because Petitioner's request for discovery from HedgePort was filed in the wrong jurisdiction, is procedurally improper and, on the substance, fails to meet the standard for such discovery. For the reasons set forth below, the Court should reject the Petition.

## ARGUMENT

### I. The Court Should Deny the Petition Because HedgePort is Not Found in the Southern District of New York.

Fernie's application fails because HedgePort is not "found" in the Southern District of New York as required under 28 U.S.C. § 1782. HedgePort is a Delaware corporation that is headquartered in California. Springer Decl. ¶ 2; *see also* Petition ¶ 5. Under the Supreme Court and Second Circuit's recent precedents on personal jurisdiction, HedgePort is subject to general personal jurisdiction only in those two places. So HedgePort is not subject to the jurisdiction of this Court in this matter, nor "found" in this district for purposes of Section 1782.

For a nonparty corporation to be "found" in a district under Section 1782, the exercise of personal jurisdiction over it "must comport with constitutional due process." *In re Sargeant*, --- F.Supp.3d ----, 2017 WL 4512366, at *3 (S.D.N.Y. 2017); *accord In re Matter of Fornaciari for Order to Take Discovery Pursuant to 28 U.S.C. §1782*, No. 17MC521, 2018 WL 679884, at *2 (S.D.N.Y. Jan. 29, 2018) ("courts in this District—including this one—have held that at minimum, "compelling an entity to provide discovery under § 1782 must comport with constitutional due process."); *Australia & New Zealand Banking Grp. Ltd. v. APR Energy Holding Ltd.*, No. 17-MC-00216 (VEC), 2017 WL 3841874, at *3 (S.D.N.Y. Sept. 1, 2017). This is consistent with the well-

5

recognized principle that a court "must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." *Gucci Am., Inc. v. Weixing Li*, 768 F. 3d 122, 141 (2d Cir. 2014); *see also Leibovitch v. Islamic Republic of Iran*, 852 F.3d 687, 689 (7th Cir. 2017). As courts in this Circuit have recognized, "[t]here is no meaningful distinction from a constitutional standpoint between a subpoena issued to a nonparty pursuant to Rule 45 and a subpoena issued to a nonparty pursuant to section 1782." *APR Energy*, 2017 WL 3841874, at *3.

Supreme Court and Second Circuit case law are clear that except in the most unusual of circumstances, a corporation is only at home where it is incorporated or headquartered. This precise question was recently considered by the Second Circuit in *Brown v. Lockheed Martin Corp.*, 814 F.3d 619 (2d Cir. 2016), where the Court considered whether "continuous and systematic" contacts, including registration to transact business in the district, rendered a corporation incorporated and headquartered elsewhere "essentially at home" for general personal jurisdiction under *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014). The Court answered that question in the negative explaining that except "in a truly 'exceptional' case" a corporation may "be treated as 'essentially at home' only where it is incorporated or maintains its principal place of business." 814 F.3d 619, 627; *see also Sae Han Sheet Co. v. Eastman Chem. Corp.*, No. 17 CIV. 2734 (ER), 2017 WL 4769394, at *6 (S.D.N.Y. Oct. 19, 2017) (collecting cases, applying *Brown* to find no personal jurisdiction over corporation registered to do business in, but not domiciled in, New York).

HedgePort does of course maintain a New York office, but that is insufficient to establish general personal jurisdiction over it. Applying *Brown* and *Daimler*, a court in this District recently denied a Section 1782 petition on facts nearly identical to those here. In *Sargeant*, the nonparty

6

discovery target maintained "one of its primary business offices" in New York, but was headquartered and incorporated elsewhere. *Sargeant*, 2017 WL 4512366, at *4. The court concluded that the discovery target was not "found" in New York for Section 1782 purposes because, notwithstanding its maintenance of an "office" in the district, the exercise of general personal jurisdiction did not comport with the requirement of due process under *Daimler* and *Brown*. *Id.* The court reasoned that subjecting a business entity to general personal jurisdiction on the sole basis of an office would render *Daimler* meaningless. *Id.* Similarly here, HedgePort's maintenance of an office in New York does not render it "at home" in New York.[3]

Nor could Petitioner invoke specific personal jurisdiction as an alternative. While it makes perfect sense to equate the places where a corporate is "found" to those jurisdictions where it is "at home" for purposes of general personal jurisdiction, specific jurisdiction is a different matter. Specific jurisdiction arises not from presence, but from a particular act in a particular matter, so specific jurisdiction is not relevant to the § 1782 analysis of where a corporation may be found.

Even if specific personal jurisdiction were relevant to the analysis, however, it is absent here. For specific jurisdiction to attach in New York, Petitioner would at minimum need to establish that her future claims concern tortious or other wrongful conduct in New York and have some nexus to HedgePort's business activities there. *APR Energy*, 2017 WL 3841874, at *5 (recognizing at least one circuit and one court in this district has "translated [the specific personal jurisdiction] test to nonparty discovery requests by focusing on the connection between the nonparty's

---

[3] It is also well established that service of the Petition on HedgePort's office in New York does not satisfy the due process requirements for exercise of general personal jurisdiction over it in the district. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59-60 (2d Cir. 2012) (recognizing that proper service notwithstanding, "the exercise of personal jurisdiction must comport with constitutional due process principles").

contacts with the forum and the discovery order at issue") (alterations in original); *see also Leibovitch*, 852 F.3d at 690 (recognizing there may be specific jurisdiction over a nonparty corporation "if the corporation's activities within the jurisdiction of the court are closely related" to the subpoenas at issue but finding that requirement not to be met). The Petition does not even attempt to suggest that Petitioner's alleged injuries arise from or have any connection with New York, and identifies no activity conducted by HedgePort in New York giving rise to Petitioner's underlying claims.

Furthermore, as evidenced by the Service Agreement submitted by Petitioner in support of the Petition, HedgePort and the Company agreed to submit any disputes to courts in California. Philippe Decl., Ex. A, at 7 § 20. Thus, on the face of the Petition and its supporting materials, there is no basis to conclude that HedgePort expected to be subject to jurisdiction in New York in respect of its agreement and provision of services to a company incorporated in the Bahamas. So specific jurisdiction also provides no basis for concluding that the requirements of due process would be satisfied were HedgePort deemed to be "found" in the jurisdiction. *See Matter of Fornaciari*, 2018 WL 679884, at *2 (finding no personal jurisdiction where petitioner failed to articulate "relevant contacts with the forum are or how the requested discovery arises from or relates to these contacts"); *APR Energy*, 2017 WL 3841874, at *5 (finding no specific personal jurisdiction over non-party ANZ bank because there were no facts connecting ANZ's New York branch office (its sole New York contact) with "the underlying facts of the case").

It bears emphasis that Petitioner cites not a single case in which a corporation was deemed to be "found" under 28 U.S.C. § 1782 in a district that was neither its place of incorporation nor the location of its headquarters. *See In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007) (Rakoff, J.) (similarly noting that "petitioners have cited no case finding that a corporation resided

8

or was found in a district where the corporation was neither incorporated nor headquartered there."). This Court should not be the first, but should instead find that HedgePort is not "found" in New York for purposes of § 1782 because it is neither headquartered nor incorporated here. Petitioner's request for discovery should therefore be denied, and the Petition dismissed for lack of personal jurisdiction.

## II. The Court Should Deny the Petition Because the Discovery is Not For Use In a Foreign Proceeding.

Section 1782 authorizes discovery in aid of actual foreign proceedings; not for the purpose of exploring whether there are viable claims to pursue. To prevent abuse, if a foreign proceeding is not yet pending, a petitioner must demonstrate that a foreign proceeding is within "reasonable contemplation." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 259 (2004). This requires the petitioner to "[a]t a minimum," provide the court with "some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye." *Certain Funds, Accounts and/or Inv. Vehicles Managed by Affiliates of Fortress Funds inv. Grp. L.L.C. v. KPMG*, 798 F.3d 113, 124 (2d Cir. 2015). The Petition fails that test.

Petitioner claims that the facts giving rise to her claims occurred at the founding of the company in 2015, and in March and April of last year. *See* Petition ¶¶ 25-37. In November 2017, Petitioner filed petitions seeking discovery from two other third parties—Press Management LLC and Morgan Stanley LLC—and in support claimed that she would "soon commence an action in the Supreme Court of The Commonwealth of The Bahamas." Petition, Ex. B ¶ 4. Petitioner said she was then "in the process of commencing" her suit, and that she expected to file "before the end of 2017." *See* Petition, Ex. A at _. That date has come and gone, and now, almost three months later, Petitioner has taken no steps to initiate legal proceedings. This is despite Petitioner having been granted discovery from other Section 1782 discovery targets. *See Fernie v. Morgan Stanley*

9

*& Co. et al.*, No. 1:17-mc-00473-DLC (S.D.N.Y. 2017), Dkt. 15.  Petitioner now makes no further specific promises regarding her plans to sue, and simply refers back to a declaration filed last year claiming that litigation would "soon" be "commencing."  *See* Petition ¶ 40 (citing Philippe Nov. 30 Decl. at ¶ 4).  Her promises are stale, and her failure to file when she said she would means that this Court should give no weight to her continued bare assertion that she intends to file at some point.

Instead, the passage of time accompanied by the receipt of discovery indicates that Petitioner does not seek discovery in aid of a foreign proceeding, but rather for the impermissible purpose of "decid[ing] whether to commence [litigation] at all."  *Jiangsu Steamship Co., Ltd. v. Success Superior Ltd.*, No. 14-cv-9997(CM), 2015 WL 3439220 (S.D.N.Y. Feb. 5, 2015).  As the court in *Jiangsu* explained: "the statute is not designed to provide potential litigants with information that will help them decide whether and where to commence proceedings" and, in particular, courts must guard against its use "as a subterfuge, to mask some extra-statutory purpose" such as "proceedings in the United States" rather than abroad.  *Id.* at *5.

Indeed, the Second Circuit affirmed denial of a Section 1782 petition in very similar circumstances where the identified future litigation was similarly speculative.  In *Fortress Funds*, petitioners had retained counsel to assist them in the prosecution of claims in three different proceedings in Saudi Arabia, England and another unspecified jurisdiction.  *In re Certain Funds, Accounts and/or Inv. Vehicles Managed by Affiliates of Fortress Inv. Grp. LLC*, No. 14-cv-1801 (NRB), 2014 WL 3404955, at *3 (S.D.N.Y. July 9, 2014).  The court reasoned that it was important to "guard against efforts by parties to engage in fishing expeditions" and, to that end, a judge "should satisfy himself that the proceeding is very likely to occur."  *Id.* at *6 (internal quotation marks omitted).  The court noted there that "concerns about misuse of the discovery process" were

"particularly pronounced" given the petitioners "could have filed a lawsuit before submitting [their] application for discovery" and ultimately determined that petitioners had not established the future proceedings were in reasonable contemplation. *Id.* at *7. The Second Circuit affirmed, holding that the prospect of foreign proceedings in which the discovery would be for use "cannot be merely speculative" and petitioner must provide "some objective indicium that the action is being contemplated. *Fortress Funds*, 798 F.3d at 123, 124.

Here, as in *Fortress Funds*, Petitioner has not met her burden of demonstrating that foreign proceedings in which the requested discovery would be used are more than just a "twinkle in counsel's eye." *Fortress Funds*, 798 F.3d at 124. Having notice of the claims in question for nearly one year and having already received U.S. discovery from other nonparties, Petitioner should not be permitted to continue her fishing expedition by subjecting HedgePort to onerous discovery requests absent a pending litigation in the Bahamas. This is especially true given that Petitioner has articulated no need for the requested discovery in order to commence the purported planned litigation in the Bahamas, making this distinct from other cases granting pre-litigation discovery where the petitioner was able to point to specific documents that were prerequisites to commencing the foreign litigation. *See, e.g.*, *Mees v. Buiter*, 793 F.3d 291, 296 (2d Cir. 2015) (granting discovery where petitioner needed certain documents to append to the case-initiating document as required by Dutch Procedure); *Bravo Express Corp. v. Total Petrochemicals*, 613 F. App'x 319, 323 (5th Cir. 2015) (discovery necessary because UK procedure required petitioner to present its evidence at the commencement of the contemplated action).

Therefore, this Court should deny the Petition under *Fortress Funds* for failure to establish that the discovery is for use in a foreign proceeding.

### III.     The Court Should Exercise Its Discretion to Deny the Petition.

For the reasons just stated, the Petition fails to satisfy two of Section 1782's mandatory requirements and, on those grounds, should be denied. But even if the Petition did not suffer from those fatal defects, this Court should still exercise its discretion to deny the Petition. Section 1782 "authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Intel*, 542 U.S. at 247 (alternation in original). The Supreme Court has offered a non-exclusive list of situations in which Section 1782 discovery may be denied as a matter of discretion. *See id.* at 264-65.[4] Here, those factors give the Court reason to deny the Petition.

As an initial matter, Petitioner has not put forth any argument specific to HedgePort with respect to the relevant discretionary factors as to why the Petition should be granted. Having already received discovery from other nonparties in aid of the alleged "future" action, Petitioner presumes that this Court should rubber stamp this latest request. Not so. It is the Petitioner's burden to establish an entitlement to relief, and Petitioner's silence on these points as well as the fact of the previously granted discovery provide further basis for this Court proceeding with caution for at least three reasons.

First, to the extent any of the materials sought are relevant to Petitioner's putative claims, any such materials in the discovery being sought from HedgePort would be equally available from the Company in litigation in the Bahamas (and much of it also duplicates discovery the Petitioner has already been granted from third parties Press Management LLC and Morgan Stanley). For

---

[4] The list of "factors that bear consideration in ruling on a § 1782(a) request" include "when the person from whom discovery is sought is a participant in the foreign proceeding," "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance," "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other polices of a foreign country or the United States," and whether the request are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 244.

example, Petitioner seeks correspondence between HedgePort and the Company, the Company's corporate documents, and various financial statements relating to the Company.  *See* Milojevic Decl. Ex. A.  All of those are documents that the Company will have, and seeking them from HedgePort unnecessarily burden's HedgePort.  The same is true of Petitioner's requests for correspondence with Joel Press and monthly statements from Morgan Stanely, access to which was already granted in Petitioner's prior § 1782 action.  *Compare* Milojevic Decl. Ex. A with Decl. of Lana Milojevic, Esq. dated Dec. 1, 2017, Ex. B, captioned in the matter of *Fernie v. Morgan Stanley*, No. 17-mc-473 (S.D.N.Y.).  As the Supreme Court explained, "§ 1782(a)'s objective" is to "assist foreign tribunals in obtaining relevant information" that would be "useful" to the proceedings but which "they cannot obtain under their own laws."  *Intel*, 542 U.S. at 262.  That purpose is clearly not fulfilled here where Petitioner seeks pre-litigation discovery of documents from a nonparty which are equally available from her purported future adversary.

Second, given the speculative nature of the future proceedings Petitioner contends she will initiate, it is impossible to know whether the foreign court will be receptive to the discovery or whether this discovery would circumvent foreign proof-gathering limits because any foreign action is purely speculative.  This factor is, at best, neutral.  The cases cited by Petitioner are distinguishable insofar as they concern discovery in aid of ongoing litigations.[5]

Finally, Petitioner's request should be denied as unduly burdensome.  Petitioner propounds fifteen different document requests across a wide range of topics unlimited in geographic scope,

---

[5] *See In re Coalition to Protect Clifton Bays, et al.*, No. 14-mc-258 (DLC), 2014 WL 5454823, at *4 (S.D.N.Y. Oct. 28, 2014) (granting § 1782 application for non-party discovery in aid of seven ongoing foreign actions); *In re Application of Strand Investments Ltd.*, 2009 WL 2225536 (S.D. Fla. July 24, 2009) (granting a § 1782 application for nonparty discovery to a petitioner whose foreign adversary had already served a Statement of Claim in the Supreme Court of Bahamas); *In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil*, 466 F. Supp. 2d 1020, 1024 (N.D. Ill. 2006) (granting a § 1782 application to a petitioner already engaged in litigation in the Brazilian Labor Court).

and many of which are unlimited in time, while also seeking that HedgePort designate a witness for testimony. These overbroad requests, which HedgePort would incur significant expense responding to, are characteristic of similar applications seeking to embark on pre-litigation fishing expeditions which other courts have exercised their discretion to deny. *See, e.g., Harbour Victoria*, No. 15-mc-127 (AJN), 2015 WL 4040420 (S.D.N.Y. June 29, 2015). Petitioner provides no justification or compelling need for such sweeping discovery and her application "bears little resemblance to" to applications "routinely approved—cases requesting a single document or report, or even those documents relating to a single transaction or event." *In re 000 Promnefstroy*, No. M 19-99 (RJS), 2009 WL 3335608, at *9 (S.D.N.Y. Oct. 15, 2009). Indeed, Petitioner makes no effort to justify its broad requests within the confines of Rule 26, "which limits discovery to those documents that are relevant to a party claim or defense" and "proportional to the needs of the case." *In re Application of XPP Logistics, Inc.*, No. 15 Misc. 205, 2017 WL 6343689, at *5 (S.D.N.Y. Dec. 11, 2017) (Shofield, J.). This Court should, as other courts in similar circumstances have done, deny her Petition on these grounds. *See In re Kreke Immobiien KG,* No. 13-mc-110 (NRB), 2013 WL 5966916, at *7 (S.D.N.Y. Nov. 8, 2013) (denying "unquestionably extensive request" that "identified sixteen categories of documents," fifteen "not even time-bound," with "no territorial limit to the discovery sought"); *In re Blue Oil Trading Ltd.*, No. 09-mc-152, 2009 WL 3247854, at * (W.D.N.C. Oct. 5, 2009) (discovery was too burdensome where "[s]everal of the document requests and deposition topics are unlimited in time").

**IV.   Should Discovery Be Granted, Petitioner Should Be Ordered to Pay HedgePort's Fees and Costs Associated with These Proceedings and Complying with the Subpoena.**

For the reasons set forth above, the Petition should be denied. If this Court were nevertheless to conclude that discovery is proper, Petitioner should be ordered to pay HedgePort's fees and costs associated with these proceedings and compliance with the subpoena.

14

Federal Rule of Civil Procedure 45(b)(2)(D)(ii) provides that any order compelling compliance with a subpoena "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Courts in this Circuit have interpreted this provision to mean that a court may and should order a party to attorney's fees and costs associated with a nonparty's compliance with a subpoena. *See, e.g.*, *In re Namenda Direct Purchaser Antitrust Litig.*, No. 15-CIV-7488 (CMJCF), 2017 WL 3822883, at *10 (S.D.N.Y. Aug. 30, 2017); *US Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12-CIV-6811 (CMJCF), 2012 WL 5395249, at *4 (S.D.N.Y. Nov. 5, 2012); *Prescient Acquisition Grp., Inc. v. MJ Publ'g Tr.*, No. 05-CIV-6298 (PKC), 2006 WL 2996645, at *3 (S.D.N.Y. Oct. 13, 2006); *In re Law Firms of McCourts & McGrigor Donald*, No. M-19-96 (JSM), 2001 WL 345233, at *1 (S.D.N.Y. Apr. 9, 2001).[6] In considering whether to do so, courts look at "(1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear the costs; and (3) whether the litigation is of public importance." *In re Namenda Direct Purchaser*, 2017 WL 3822883, at *10.

Petitioner should bear the cost of the discovery here, because HedgePort is a disinterested third party with no stake in the outcome of the underlying dispute. Petitioner's discovery requests are broad and expansive, and would require HedgePort to expend significant resources to satisfy compliance. The underlying dispute is between private parties, so the litigation is not of public importance. Given it is Petitioner's choice to seek this discovery from a third party rather than her adversary in the context of litigation in the Bahamas, she should bear the burden of the costs associated with this approach.

---

[6] Section 1782(a) expressly provides that discovery in aid of foreign proceedings shall be "in accordance with the Federal Rules of Civil Procedure," so courts are obligated to consider whether a subpoena satisfies the requirements of Rule 45. *See In re: Application of Passport Special Opportunities Master Fund, LP for an Order Compelling Compliance with a Subpoena Issued to Deloitte Touche Tohmatsu Ltd. Pursuant to 28 U.S.C. § 1782*, No. 16 MISC. 33(PAE), 2016 WL 844833, at *4 (S.D.N.Y. Mar. 1, 2016).

15

Accordingly, to the extent the Court grants the Petition in whole or in part, HedgePort respectfully requests that the Court order Petitioner to reimburse it for its attorney's fees and costs related to compliance with the subpoena, including those attorney's fees and costs related to this opposition and related proceedings.

## CONCLUSION

For the foregoing reasons, the application for discovery under 28 U.S.C. § 1782 should be denied in its entirety.

Dated: February 22, 2018
      New York, New York

Respectfully submitted,

  /s Christopher M. Egleson
Nancy Chung
Christina Prusak Chianese
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Tel: (212) 839-5300
Fax: (212) 839-5599
nchung@sidley.com
cchianese@sidley.com

Christopher M. Egleson
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 896-6000
Fax: (213) 896-6600
cegleson@sidley.com

*Counsel for HedgePort Associates, LLC*